# EXHIBIT C

OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.

230 PARK AVENUE
NEW YORK, NY 10169-0075

BERNARD BEITEL
OF COUNSEL
BBEITEL@OSHR.COM

TELEPHONE: (212) 661-9100
TELECOPIER: (212) 682-6104

August 6, 2007

**VIA FIRST CLASS MAIL & E-MAIL**
Deener, Stern & Hirsch
Two University Plaza
Hackensack, New Jersey 07601
Att: Andre Shramenko, Esq.

Re:   **Lower Manhattan Dialysis Center, Inc., et.al. v. Lantz
      U.S.D.C., S.D.N.Y., 07 Civ. 6903 (DLC)**

Dear Mr. Shramenko:

As you know, we are the attorneys for Plaintiffs Lower Manhattan Dialysis Center, Inc., L-M Dialysis Corporation, Lantz-Matalon Chinatown Associates, Inc. and Chinatown Dialysis Center, L.L.C. ("*CDC*") in the above referenced action.

We are writing to formally request that you and your clients, Defendants John P. Lantz, M.D. and Marie Lantz, immediately take all necessary steps to remand this action to the Supreme Court of the State of New York, New York County, on the grounds that U.S. District Court lacks the subject matter jurisdiction necessary to adjudicate this action because of the lack of complete diversity between the parties. Otherwise, our clients will have no option but to move for remand and seek statutory attorneys fees and costs -- as expressly provided for in 28 U.S.C. §1447(c).

Although the corporate plaintiffs are, in fact, all New York corporations, Plaintiff CDC, is a limited liability company and, accordingly, is a citizen of both New Jersey and New York because one of CDC's constituent members, Dang Dung Nguyen, M.D., was at all relevant times, and still is, a citizen of the State of New Jersey, residing at 7 Aspen Court, Warren, New Jersey 07059. Accordingly (a) complete diversity is absent between the Plaintiffs and the Defendants, (b) the Court lacks subject matter jurisdiction, and (c) remand is required. See Lewis v. Allied Bronze LLC, 2007 U.S. Dist. LEXIS 32287 (E.D.N.Y. May 2, 2007); Bischoff v. Boar's Head Provisions Co., Inc., 436 F.Supp.2d 626, 634 (S.D.N.Y. 2006); and 15 Moore's Federal Practice, § 102.14 and § 102.57[8] at 102-134.7.

This letter is, obviously, without prejudice to, and reserves, all of Plaintiffs' rights and remedies.

Very truly yours,

Bernard Beitel

Jerome A. Deener, Esq.
John Manfredonia, Esq.

861468.1