OTTERBOURG, STEINDLER, HOUSTON
  &amp; ROSEN, P.C.
Attorneys for Plaintiffs
230 Park Avenue
New York, New York
(212) 661-9100
Bernard Beitel (BB 8832)
Lloyd M. Green (LG 9140)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LOWER MANHATTAN DIALYSIS CENTER, INC.,
L-M DIALYSIS CORPORATION, LANTZ-MATALON
CHINATOWN ASSOCIATES, INC., and CHINATOWN
DIALYSIS CENTER, L.L.C.,

                Plaintiffs,            07 Civ. 06903 (DLC)

            - against -

JOHN P. LANTZ, M.D. and MARIE LANTZ,

                Defendants.
----------------------------------------------------------------x


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR REMAND FOR LACK OF DIVERSITY JURISDICTION AND FOR AN ORDER
REQUIRING DEFENDANTS TO REIMBURSE PLAINTIFFS
FOR THEIR ACTUAL COSTS AND EXPENSES INCURRED IN CONNECTION WITH
<u>DEFENDANTS' REMOVAL OF THIS ACTION</u>**


                              OTTERBOURG, STEINDLER, HOUSTON
                                &amp; ROSEN, P.C.
                              Attorneys for Plaintiffs
                              230 Park Avenue
                              New York, New York 10169
                              (212) 661-9100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LOWER MANHATTAN DIALYSIS CENTER, INC.,
L-M DIALYSIS CORPORATION, LANTZ-MATALON
CHINATOWN ASSOCIATES, INC., and CHINATOWN
DIALYSIS CENTER, L.L.C.,

                            Plaintiffs,                        07 Civ. 06903 (DLC)

                            - against -

JOHN P. LANTZ, M.D. and MARIE LANTZ,

                            Defendants.
------------------------------------------------------------------------x

        This memorandum is respectfully submitted by Plaintiffs LOWER MANHATTAN DIALYSIS CENTER, INC. ("*LMDC*"), L-M DIALYSIS CORPORATION ("*L-M*"), LANTZ-MATALON CHINATOWN ASSOCIATES, INC. ("*LMCA*") and CHINATOWN DIALYSIS CENTER, L.L.C. ("*CDC*" and collectively, "*Plaintiffs*"), in support of their motion pursuant to 28 U.S.C. §1447(c) for an Order: (1) remanding the instant action to the Supreme Court of the State of New York, New York County, because of the lack of subject matter jurisdiction; and (2) requiring Defendants to reimburse Plaintiffs for their actual costs and expenses, including attorneys' fees, incurred in connection with defendants' removal of this action.

## PRELIMINARY STATEMENT

        On July 27, 2007, Plaintiffs commenced the within action for a declaratory judgment and injunctive relief in the Supreme Court of the State of New York, New York County against Defendants JOHN P. LANTZ, M.D. ("*LANTZ*") and MARIE LANTZ ("*MARIE*"). In their Complaint, Plaintiffs seek to determine the effectiveness of a shareholders consent and agreement authorizing the sale of a lease of premises rented by LMCA (which

LMCA, in turn, rents to CDC), the use of designated funds to relocate the ongoing business operations of CDC and the payment of previously authorized and contractually committed sums to a loyal employee, and to prevent Defendants from improperly interfering with Plaintiffs' ongoing business operations.

Defendants removed this case to the federal court by Notice of Removal filed and served on August 1, 2007, erroneously asserting that this Court has "jurisdiction be [sic] reason of the diversity of citizenship of the parties." Notice of Removal, ¶ 2. Defendants, both New Jersey residents, wrongly contend that each of the Plaintiffs is solely a citizen of the State of New York and that therefore the requirements for diversity jurisdiction have been satisfied. Notice of Removal, ¶ 4. The reality is different.

Defendants have correctly asserted the *corporate* plaintiffs LMDC, L-M and LMCA are each New York corporations. However, Plaintiff CDC, *a limited liability company* organized in New York, is a citizen of *both New Jersey* and New York because one of CDC's constituent members, Dang Dung Nguyen, M.D. ("**DR. NGUYEN**"), was at all times, and still is, a citizen of the State of New Jersey. Thus, there is a *lack* of *complete diversity* between Plaintiffs and Defendants, and *subject matter jurisdiction does not exist here*. Under these circumstances, remand is required.

On August 6, 2007, following receipt of the Notice of Removal, Plaintiffs' counsel wrote to Defendants' counsel alerting them to Dr. Nguyen's New Jersey citizenship, advising them of the lack of subject matter jurisdiction, and requesting their consent to remanding this action. Defendants have rejected Plaintiffs' request.

It is well-settled-law that *complete* diversity is a prerequisite for jurisdiction under 28 U.S.C. §1332. Frontier Ins. Co. v. MTN Owner Trust, 111 F.Supp.2d 376, 379

2

(S.D.N.Y. 2000); Soto v. Barnitt, 2000 U.S. Dist. LEXIS 12127 at * 5 (S.D.N.Y. Aug. 22, 2000); Asset Value Fund Ltd. Partnership v. The Care Group, Inc., 179 F.R.D. 117, 122 (S.D.N.Y. 1998). It is also the black letter rule and well-established precedent that for "purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members." 15 Moore's Federal Practice, § 102.57[8] at 102-134.7. As the Court of Appeals stated in Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54-55 (1st Cir. 2006):

> *[E]very circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members.* See *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 121 (4th Cir.2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827, 829 (8th Cir.2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir.2004); *Provident Energy Assocs. of Mont. v. Bullington,* 77 Fed.Appx. 427, 428 (9th Cir.2003); *Homfeld II, L.L.C. v. Comair Holdings, Inc.,* 53 Fed.Appx. 731, 732-33 (6th Cir.2002); *Handelsman v. Bedford Vill. Assocs. Ltd. P'hip,* 213 F.3d 48, 51-52 (2d Cir.2000); *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998); *see also* 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure: Juris.2d* § 3630 (Supp.2005). (Emphasis added).

Here, it is incontrovertible that complete diversity is not present and that this Court lacks subject matter jurisdiction. Accordingly, remand is required. Further, Defendants should be ordered to reimburse Plaintiffs for the attorneys' fees and costs incurred by Plaintiffs in connection with the prosecution of this motion.

## STATEMENT OF FACTS

Plaintiffs LMDC, L-M and LMCA were, and still are, corporations organized and existing under and pursuant to the laws of the State of New York. LMDC and L-M are engaged in the business of ownership, establishment, management and operation of chronic renal dialysis

3

facilities. (Complaint, ¶¶ NINETEENTH, TWENTIETH AND TWENTY-FIRST). LMCA is engaged in the business of ownership of a lease for premises located in the City, County and State of New York. These premises are sublet to Plaintiff CDC for use in the management and operation of a chronic renal dialysis facility. (Complaint, ¶ TWENTY-FIRST).

Plaintiff CDC was, and still is, a limited liability company, engaged in the business of ownership, establishment, management and operation of a chronic renal dialysis facility. (Complaint, ¶ TWENTY-SECOND). At its inception in December 2000, CDC was wholly-owned by LMDC. However, on May 1, 2001, a ten (10%) percent membership interest in CDC was sold and transferred to Dr. Nguyen. (Affidavit of Dr. Nguyen; Declaration of Miriam Sinitzky, ¶ 3; Complaint, ¶ SIXTH). Dr. Nguyen, who at all times was, and still is, a citizen of the State of New Jersey, residing at 7 Aspen Court, Warren, New Jersey 07059, is a nephrologist and is actively engaged as a co-medical director in CDC's operations of a chronic renal dialysis facility. (Affidavit of Dr. Nguyen; Declaration of Miriam Sinitzky, ¶ 4; Complaint, ¶ SIXTH). Accordingly, Plaintiff CDC is a citizen of both the States of New Jersey and New York.

Defendants Lantz and Marie are citizens of the State of New Jersey. Lantz is a shareholder in each of LMDC, L-M and LMCA. Marie has represented herself to be the "attorney-in-fact" for Lantz. (Complaint, ¶¶ TWENTY-THIRD, TWENTY-FOURTH).

## ARGUMENT

## POINT I

## THE ABSENCE OF COMPLETE DIVERSITY MANDATES REMAND

28 U.S.C. §1447(c) provides in pertinent part that if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "'In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute[s] narrowly, resolving any doubts against removability.' *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir.1991) . . . ." Pan Atlantic Group, Inc., 878 F.Supp. 630, 637 (S.D.N.Y. 1995).

The "party seeking to invoke jurisdiction under Section 1332 bears the burden of proving that complete diversity existed at the time the action was filed." 15 Moore's Federal Practice, § 102.14 at 102-26.7. In "connection with a motion to remand, the burden of proving federal removal jurisdiction is on the party seeking to preserve removal, not the party moving for remand." Pan Atlantic Group, Inc. v. Republic Ins. Co., 878 F.Supp. at 638. "Generally speaking, removal statutes are to be 'strictly construed against removal and all doubts should be resolved in favor of remand.'" Polesky v. A.C. & S., Inc., 1998 U.S. Dist. LEXIS 14394 (S.D.N.Y. Sept. 14, 1998. "The defendant's right to remove and the plaintiff's right to choose the forum are not equal, and uncertainties are resolved in favor of remand." 16 Moore's Federal Practice, § 107.05 at 107-28.

"The district court assumed that a limited liability company, like a corporation, has two citizenships: its state of organization and its principal place of business. *That's not right*. The citizenship of a limited liability company is that of its members . . . ." Hicklin

5

Engineering, L.C. v. Bartell, 439 F.3d 346, 347 (7th Cir. 2006) (emphasis added). The "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." Lewis v. Allied Bronze LLC, 2007 U.S. Dist. LEXIS 32287 at *1 (E.D.N.Y. May 2, 2007) (remanding removed action for lack of diversity jurisdiction). "For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir.2000); *Cabrini Dev. Council v. LCA-Vision, Inc.*, 197 F.R.D. 90, 93 (S.D.N.Y.2000)." Bischoff v. Boar's Head Provisions Co., Inc., 436 F.Supp.2d 626, 634 (S.D.N.Y. 2006) (remanding removed action for lack of diversity jurisdiction). "For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members." Strother v. Harte, 171 F. Supp.2d 203, 205 (S.D.N.Y. 2001) (finding lack of diversity jurisdiction and dismissing action). "The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir.), *cert. denied*, 127 S.Ct. 582, 166 L. Ed. 2d 458, 2006 U.S. LEXIS 8570 (2006).

      Here, the documentary evidence clearly and undeniably establishes that Dr. Nguyen is both a *member* of Plaintiff CDC, a limited liability company, and a *citizen of the State of New Jersey*. Given the facts that (a) both Defendants Lantz and Marie are likewise *citizens of New Jersey*, and (b) a limited liability company is a citizen in each state in which it has members, complete diversity is non-existent. Therefore, under these indisputable facts, Plaintiffs are entitled to remand for lack of subject matter jurisdiction.

## POINT II

### PLAINTIFFS ARE ENTITLED TO AN ORDER REQUIRING DEFENDANTS TO PAY THE COSTS, EXPENSES AND ATTORNEY'S FEES INCURRED AS A RESULT OF REMOVAL

The jurisdictional predicate for Defendants' removal from the Supreme Court of New York is non-existent. In contravention of their legal obligation, Defendants apparently failed to investigate the membership and composition of CDC, although paragraph "SIXTH" of Plaintiffs' Complaint alleged, in pertinent part, that: "Ninety (90%) percent of the outstanding membership interests in CDC is owned by LMDC. *The other 10% is owned by a physician and board certified nephrologist who is employed by, and is co-medical director of, CDC.*" In other words, Defendants cannot claim innocent ignorance of CDC being owned by multiple interests.

"It is not the province of this Court to hear an action over which it has no subject matter jurisdiction in the hope that if . . . counsel does the work he should have done before commencing it, perhaps jurisdiction will be found." Lewis v. Allied Bronze, 2007 U.S. Dist. LEXIS 32287 at *5. *See* Bishop v. Toys 'R' Us-NY LLC, 414 F.Supp.2d 385, 389 n.1 (S.D.N.Y. 2006) (a party "must allege the citizenship of all persons or entities who are members of a limited liability company."); Ace Ventures, L.L.C., v. LQK, L.L.C., 2006 U.S. Dist. LEXIS 72892, n.2 (D. Ariz. Oct. 4. 2006) (pleading "must expressly identify each member of any limited partnerships, limited liability companies, along with each member's citizenship" to enable the Court to determine whether diversity jurisdiction exists). Defendants compounded their omission by rejecting Plaintiffs' repeated written requests (which were supported by information regarding Dr. Nguyen's New Jersey residence and references to controlling precedent and authoritative sources) and refused to take affirmative action to remand this matter.

Under these circumstances, Plaintiffs are entitled, under 28 U.S.C. §1447(c), to an Order requiring the Defendants to pay the costs and expenses that Plaintiffs have actually incurred in connection with this removal, including Plaintiffs' reasonable attorneys' fees. According to the United States Supreme Court, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704, 711 (2005).

Here, no objective basis exists for either Defendants' removal of this action or for Defendants' persistence in refusing to consent to the remand of this action. Defendants knew there was a minority member of CDC and apparently disregarded their obligation to determine the citizenship of that member. Subsequently, after Defendants had been advised in writing that Dr. Nguyen was a citizen of New Jersey and that subject matter jurisdiction was absent, Defendants refused to facilitate the remand of this action. Under these circumstances, Plaintiffs should be awarded their attorney's fees and costs arising in connection with this motion, and be given the opportunity to supplement the record to provide the Court with proof of the costs and expenses Plaintiffs have incurred as a result of the removal of this action.

## CONCLUSION

For all of the reasons stated above and in the accompanying moving papers, Plaintiffs request that their motion to remand be granted in all respects, that this case be remanded to the Supreme Court, New York County, that Defendants and each of them be ordered to pay to Plaintiffs the actual costs and expenses (including its attorneys' fees) incurred by Plaintiffs as a result of Defendants' removal, and that Plaintiffs be permitted to supplement the record to establish the amount of fees and expenses chargeable to Defendants, all together with such other further and/or different relief as to the Court may seem just and proper.

Dated: New York, New York
   August 16, 2007

                Respectfully submitted,

                OTTERBOURG, STEINDLER, HOUSTON
                  & ROSEN, P.C.

                By: _____
                  Bernard Beitel (BB 8832)
                Attorneys for Plaintiffs
                230 Park Avenue
                New York, New York 10169
                (212) 661-9100

Of Counsel: Lloyd M. Green