OTTERBOURG, STEINDLER, HOUSTON
  & ROSEN, P.C.
Attorneys for Plaintiffs
230 Park Avenue
New York, New York
(212) 661-9100
Bernard Beitel (BB 8832)
Lloyd M. Green (LG 9140)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
LOWER MANHATTAN DIALYSIS CENTER, INC.,
L-M DIALYSIS CORPORATION, LANTZ-          :   07 Civ. 06903 (DLC)
MATALON CHINATOWN ASSOCIATES, INC.,
and CHINATOWN DIALYSIS CENTER, L.L.C.,    :

                        Plaintiffs,       :

    - against -                           :

JOHN P. LANTZ, M.D. and MARIE LANTZ,      :

                        Defendants.       :
------------------------------------- x

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF PLAINTIFFS' MOTION FOR REMAND AND FOR
AN ORDER REQUIRING DEFENDANTS TO REIMBURSE
PLAINTIFFS FOR THEIR ACTUAL COSTS AND EXPENSES**

OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
Attorneys for Plaintiffs
230 Park Avenue
New York, New York 10169
(212) 661-9100

## TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 6 |
| REMAND IS WARRANTED AS DEFENDANTS HAVE FAILED TO DEMONSTRATE THAT CDC IS A MERE "NOMINAL" PARTY PLAINTIFF | 6 |
| CONCLUSION | 10 |

This memorandum is respectfully submitted by Plaintiffs LOWER MANHATTAN DIALYSIS CENTER, INC. (*"LMDC"*), L-M DIALYSIS CORPORATION (*"L-M"*), LANTZ-MATALON CHINATOWN ASSOCIATES, INC. (*"LMCA"*) and CHINATOWN DIALYSIS CENTER, L.L.C. (*"CDC"* and collectively, *"Plaintiffs"*), in further support of their motion pursuant to 28 U.S.C. §1447(c) for an Order: (1) remanding the instant action to the Supreme Court of the State of New York, New York County, because of the lack of subject matter jurisdiction; and (2) requiring Defendants to reimburse Plaintiffs for their actual costs and expenses, including attorneys' fees, incurred in connection with defendants' removal of this action.

## PRELIMINARY STATEMENT

Defendants' opposition to Plaintiffs' remand motion is noteworthy for its concessions, mischaracterizations of fact and misstatements of law. At the outset, Defendants JOHN P. LANTZ, M.D. (*"LANTZ"*) and MARIE LANTZ (*"MARIE"*) recognize that, if they cannot satisfy the requirements for diversity jurisdiction, then this action must be remanded to the Supreme Court of the State of New York, New York County. Defendants cite Handelsman v. Bedford Vill. Assocs. Ltd. P'hip, 213 F.3d 48 (2d Cir.2000), and concede that the citizenship of a limited liability company is determined by the citizenship of its members.

Defendants, however, attempt to paint CDC, a limited liability company, as merely a formal or nominal party whose presence in this action should be ignored in determining the presence or absence of complete diversity. Defendants assert, without an arguable basis, that CDC is "not a real party in interest this action" and pay no heed to the substantial interest of CDC in the outcome of this litigation. Defendants challenge Dang Dung Nguyen, M.D.'s (*"DR. NGUYEN"*) status as a member in CDC, a limited liability company, and by extension that Dr.

Nguyen's New Jersey citizenship should be imputed to CDC.[1] Defendants' position is without any basis in fact. It is advanced in complete and blatant disregard of the overwhelming documentary evidence *provided to Defendants prior to the institution of this action* -- which irrefutably demonstrates **the existence of a minority interest in CDC** and CDC's huge economic interest in the transaction which is the subject of this action.

In other words, Defendants' unsupported and unsupportable contention are wholly at odds with the face of the Complaint, the documentary record and reality. The fact is that CDC is a real plaintiff with a real interest in the outcome of this litigation -- (a) as the express and intended beneficiary of the written May 20, 2007 Shareholders Agreement executed by defendant Marie in her capacity as agent and proxy for defendant Lantz, and (b) the occupant of the 9-11 Crosby Street/150 Lafayette Street premises (the "Premises") that is to be vacated by CDC and LMCA by no later than December 5, 2008 in accordance with the terms of a Settlement and Surrender Agreement executed by the landlord of the Premises, LMCA as tenant, and CDC as subtenant. Simply stated, the legal and documentary record establishes that CDC is a necessary party to the surrender of the Premises and to the adjudication of this action.

The Complaint in this action could not be more clear on this point. The "FIRST" paragraph of the Complaint unequivocally alleges: "This is an action for declaratory relief to enforce a shareholders consent and agreement authorizing the sale of a lease of premises rented by LMCA (which LMCA, in turn, rents to **CDC**), *the use of designated funds to relocate the ongoing business operations of CDC* . . . ." The Shareholders Agreement itself expressly provided that $4 million would be "set aside in LMDC for the *relocation, renovation and re-equipping of Chinatown Dialysis Center [CDC]* and remaining costs."

---

[1] Indeed, at paragraph "26" of her Affidavit, Marie bases Defendants' opposition to remand by claiming that she has no way of knowing whether or not "Dr. Nguyen is a member of CDC" and cannot obtain verification from her seriously ill husband.

Likewise, the Complaint explicitly spells out the legal peril in which CDC stands, and the real and tangible damages that await CDC if the Shareholders Agreement were to be rescinded -- that is, if the course advocated by Defendants were to become reality. Paragraph "ELEVENTH" of the Complaint alleges, in part, that "in the event **CDC** and LMCA *fail to timely vacate the leased premises they are subject to* **substantial and costly daily penalties**." Paragraph "TWELFTH" of the Complaint alleges, in part, that "Marie wants to eliminate the use of any of the proceeds to relocate the business of CDC, and instead demands that the businesses forego the needed capital to complete the move and relocation from 9-11 Crosby Street/150 Lafayette Street." Paragraph "THIRTEENTH" of the Complaint alleges, in part, that "any delay in completing that process may . . . *drastically interfere with the ability of* **CDC** *to continue its ongoing business operations*." Paragraph "FOURTEENTH" of the Complaint alleges, in part, that the "Shareholders Agreement allocated up to $4 million of the proceeds realized from the sale of the lease for the costs of removal and relocation of the business of CDC."

Paragraph "FIFTEENTH" of the Complaint alleges, in part, that:

> Marie also demanded that she be granted a veto on all corporate expenditures with respect to relocation of *CDC*, the details of which she demanded be sent to her for prior review and authorization. She also demanded . . . that Plaintiffs treat any amounts used to pay for the costs of relocating *CDC* as a loan by Lantz rather than the normal use by a corporation of its funds for furtherance of normal business operations." (emphasis added).

Significantly, counsel for Defendants were familiar with the ramifications that CDC were to suffer if the Shareholders Agreement were undone *well before* the commencement of this action. On June 12, 2007, counsel for Plaintiffs furnished counsel for Defendants with "copies of the most recent versions of various documents prepared in connection with the

- 3 -

proposed disposition of the company's lease [of the Premises]."[2] These documents included a Settlement and Surrender Agreement and an Escrow Agreement, each of which ultimately was executed by CDC *in actual reliance upon the express terms of the Shareholders Agreement*. Plaintiffs' counsel also furnished counsel for Defendants with the agreed form of Holdover Petition that would be filed by the landlord of the Premises naming LMCA and CDC as parties in the event either LMCA or CDC failed to timely vacate the premises. In addition, LMCA and CDC each consented to the "issuance and entry of a final judgment of possession in favor of Landlord . . . with a Warrant of Eviction" in the event that they failed to vacate the Premises by the December 5, 2008 deadline.

Given these incontrovertible facts, it is clear that CDC's presence is neither "formal" nor "nominal,." CDC's claims are not "derivative" in nature, and CDC was not named as a plaintiff simply to eliminate complete diversity in the event that Defendants would attempt to remove this action. Rather, CDC is a plaintiff because CDC possesses a real and direct claim against Defendants that gives rise to a justiciable controversy.

Lest Defendants forget, this lawsuit was triggered by the July 20, 2007 ultimatum issued by counsel for Defendants to Plaintiffs. Among other things, Defendants demanded that a prohibition be imposed on the use of funds that were expressly dedicated for CDC. Defendants' counsel stated that if Plaintiffs did not capitulate to Defendants' demands by no later than 5:00 p.m., Friday, July 27, 2007, "the appropriate legal action, including an Order to Show Cause with restraints, will be filed with the Superior Court, Bergen County, New Jersey."

---

[2] The June 12, 2007 e-mail and other documents already before this Court also make clear that Defendants were on notice prior to both the commencement and removal of this action that CDC was both a limited liability company and a significant party in this dispute. Contrary to Defendants' protestations that they were not afforded access to Plaintiffs' documents and records, this e-mail transmission also demonstrates that Marie was in fact afforded such access. An alleged lack of access to *all* requested materials and Defendants' lack of diligence should not bar Plaintiffs' claim for attorneys' fees under 28 U.S.C. §1447.

Likewise, Defendants' contention that Dr. Nguyen's is not a member of CDC, and that therefore CDC is not also a citizen of New Jersey is contrary to the documentary record. Defendants' statement that:

> "Mrs. Lantz does not agree that Dr. Nguyen is a member of the Limited Liability Company [because] Dr. Lantz would have told Mrs. Lantz if anyone else was an owner of CDC, but he never did so"

is contradicted by reality. As set forth in the previously submitted declaration of Miriam Sinitzky, the administrator for each of the Plaintiffs and the chief operating officer of LMDC, L-M and CDC, "on May 1, 2001, LMDC sold and transferred to Dang Dung Nguyen, M.D. . . a ten (10%) percent membership interest in CDC." Further, "the Schedule K-1 issued by CDC to Dr. Nguyen for the calendar year 2006 . . . records Dr. Nguyen's 10 percent interest in CDC and lists his place of residence as 7 Aspen Court, Warren, New Jersey."

According to the accompanying Declaration of Robert Matalon, M.D., the President, Chief Executive Officer and Medical Director of Plaintiffs LMDC and L-M, the President and Chief Executive Officer of LMCA, and a Medical Director, President and senior executive of CDC, Dr. Nguyen became a ten (10%) percent member in CDC with the approval of defendant John P. Lantz, M.D. and in consideration for an investment of $133,000. In fact, on June 28, 2007, *prior to the commencement of this action*, Plaintiffs furnished counsel for Defendants with copies of consolidated financial statements for LMDC. Note 1 to the Consolidated Financial Statements and Auditors' Reports, dated December 31, 2004, 2005 and 2006 with respect to LMDC and CDC expressly stated, in pertinent part, that "CDC is owned ninety percent by LMDC and ten percent by a minority interest."

Clearly and contrary to Defendants' erroneous contention, Dr. Nguyen is a member of CDC who stands to be directly harmed by Defendants. He is not a mere "assignee"

- 5 -

of some amorphous interest. Simply because the remaining Plaintiffs also have sustainable claims against Defendants does not make CDC's claims any less real or direct. Accordingly, Plaintiffs' motion for remand should be granted.

Likewise, Defendants should be required to reimburse Plaintiffs for the legal fees and costs that they have incurred in connection with this motion. The record is clear that Defendants knew of the existence of a minority interest in CDC prior to the commencement of the action, and yet removed this action without conducting an appropriate inquiry to ascertain the citizenship of CDC's minority member. Such conduct should not be countenanced.

## ARGUMENT

### REMAND IS WARRANTED AS DEFENDANTS HAVE FAILED TO DEMONSTRATE THAT CDC IS A MERE "NOMINAL" PARTY PLAINTIFF

"The movant bears a heavy burden of persuasion to show that a party is nominal. *McKay v. Point Shipping Corp.*, 587 F.Supp. 41, 42-43 (S.D.N.Y.1984) . . . ." Raphael v. 18 Restaurant, Inc., 954 F.Supp. 549, 551 (E.D.N.Y. 1996). Defendants "have the burden of establishing that [CDC] is a nominal party and any doubts are to be resolved in favor of remand." Marun Fashion & Sportswear, Inc. v. Gillman Knitwear Co., 1992 U.S. Dist. LEXIS 6298 (S.D.N.Y. May 4, 1992) at *2. "[I]f there is a real possibility that the plaintiff has stated a cause of action, then the defendant is not nominal, and the case should be remanded." Raphael v. 18 Restaurant, 954 F.Supp. at 551.

Here, Defendants have failed to meet their "heavy burden" of persuasion to prove that CDC is a nominal party." Rivera v. Pioneer Futures, Inc., 2004 U.S. Dist. LEXIS 17869 (S.D.N.Y. Sept. 8, 2004) at *6. "A party to an action is nominal or formal if no cause of action or claim for relief is or could be stated against him or on his behalf, as the case may be." Saxe,

Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc., 521 F.Supp. 1046, 1048 (S.D.N.Y. 1981); Marun Fashion & Sportswear v. Gillman Knitwear, 1992 U.S. Dist. LEXIS 6298 at *2.

As a direct beneficiary under the Shareholders Agreement -- who relied upon the representations contained therein and whose right to at least $4 million for relocation expenses has been threatened by Defendants -- CDC has standing to maintain a direct action against the Defendants. Accordingly, CDC is not a mere nominal party, and by extension complete diversity is absent. "The Complaint alleges harms inflicted upon [plaintiff] directly, not simply indirect injuries . . . ." Intershoe, Inc. v. Filanto S.P.A., 97 F.Supp.2d 471, 475 (S.D.N.Y. 2000) (remanding case and rejecting claim of fraudulent joinder of plaintiff to defeat diversity, cited by Defendants at 15).

It is axiomatic that a "person for whose benefit a contract is made, although not a party to the agreement and *not furnishing the consideration therefor*, may maintain an action thereon against the promisor, including the right to compel specific performance." 22 N.Y. Jur. 2d, "Contracts" § 302 at 385 (emphasis added). "Plaintiffs seek also specific performance of the . . . agreement, a right they may assert as third party beneficiaries of that agreement." Reproducta Co., Inc. Kellmark Corp., 1994 U.S. Dist. LEXIS 18423 (S.D.N.Y. Dec. 23, 1994); Lebensfeld v. Bashkin, 144 A.D.2d 542, 534 N.Y.S.2d 221, 222 (2d Dept. 1988) ("while not a signatory to the contract", plaintiff could seek specific performance). The black letter rule enunciated above applies with even greater force given the fact that CDC furnished actual consideration by agreeing to surrender possession of the Premises before the expiration of the lease and sub-lease, and by agreeing to a monetary penalty , enforcement costs and fees, and eviction if the Premises are not timely vacated.

Pepsico, Inc. v. Wendy's Intl., Inc., 118 F.R.D. 38 (S.D.N.Y. 1987), relied upon by Defendants (at 11), is particularly instructive. There, the District Court remanded an action commenced in the Supreme Court of the State of New York on the grounds of incomplete diversity stemming from the addition of non-diverse plaintiffs prior to the removal of the action to federal court. Then-District Judge Leval rejected the defendants' contention that the additional plaintiffs were "merely nominal parties with no legitimate cause of action and that, accordingly, their presence should not be considered in determining diversity." Pepsico v. Wendy's Intl., 118 F.R.D. at 45. See Corchado v. Product Design & Development, Inc., 2000 U.S. Dist. LEXIS 1179 (S.D.N.Y. Feb. 4, 2000) (remanded for lack of diversity *after* District Court *permissively* joined non-diverse defendant); Wyant v. Nat'l. R.R. Passenger Corp., 881 F.Supp. 919 (S.D.N.Y. 1995) (remanded for lack of diversity *after* District Court *permissively* joined non-diverse defendant); Ronson Corp. v. First Stamford Corp., 48 F.R.D. 374 (D. Conn. 1970) (action dismissed for lack of complete diversity where sublessee was deemed indispensable party); *see also* Colon v. Bernabe, 2007 U.S. Dist. LEXIS 51981 (S.D.N.Y. July 19, 2007) (Court remanded action on the grounds of incomplete diversity and declined to hold that defendant is a nominal party where defendants could not demonstrate that complaint was not well-pleaded); A. Kraus & Son v. Benjamin Moore & Co., 2006 U.S. Dist. LEXIS 37284 (E.D.N.Y. June 7, 2006) at *18 (remand where "case at hand does not even come close to resembling a situation of 'egregious misjoinder' . . . .").

Defendants' case law is clearly inapposite:

Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc., *supra*, stands for the proposition that individual members of a professional corporation lack direct standing to sue under the New York antitrust law for damages allegedly sustained by a professional corporation;

here, in contrast, CDC is seeking relief as an express beneficiary under the terms of a written contract.

Likewise, <u>Whitney v. Citibank, N.A.</u>, 1985 U.S. Dist. LEXIS 20568 (S.D.N.Y. 1985) has no bearing on this action. In <u>Whitney</u>, after a lengthy non-jury trial, the issuance of facts and conclusions of law and the entry of judgment in favor of an aggrieved partner, the Court faced a challenge to its subject matter jurisdiction. To preserve complete diversity in the face of defendants' belated challenge, the Court dismissed a partnership-plaintiff, notwithstanding the fact that the partnership was a "real party in interest." The Court concluded, "To dismiss the present action because a dissolved partnership, which holds no meaningful assets and whose partners are all before the Court, cannot be joined as a party would be to exalt form over substance and frustrate the intent of Rule 19." 1985 U.S. Dist. LEXIS 20568 at * 15 - *16. Here, by contrast, no equitable reason exists to frustrate the absolute right of CDC to protect its interests and the interests of its members in receiving the benefit of the $4 million set aside to pay relocation costs.

<u>Application of Blakeman</u>, 512 F.Supp. 325 (E.D.N.Y. 1981), cited by Defendants, also offers Defendants no assistance. There, the Court retained jurisdiction in an action to obtain or protect estate assets predicated upon a New York State statute because the statute solely conferred the right to maintain the action upon the estate's fiduciary. Under those circumstances, the presence of a non-diverse trust beneficiary was surplusage, and was held not to defeat diversity.

Last, Defendants' contention that, as a "subtenant", CDC has "only the indirect and incidental interests of a subtenant" is meritless. By executing the Shareholders Agreement, Marie conferred direct rights and benefits upon CDC. <u>Triborough Bridge and Tunnel Authority v. Wimpfheimer</u>, 165 Misc.2d 584, 633 N.Y.S.2d 695, 696 (1st Dept. App. Term 1995), a

landlord-tenant eviction case, is inapplicable since the Court actually held the subtenant to be a "proper" party. *See* DiScala v. Facilities Development Corp., 180 Misc.2d 355, 691 N.Y.S.2d 229, 235 (Civ. Ct. Richmond Co. 1998) ("When subtenants are in possession of the premises they must be named as respondents if the prime tenant is sued for possession for any reason.").

Finally, CDC is a direct and necessary party to the surrender agreement that gave rise to the $15 million that Defendants improperly contend must be subject to their control.

## CONCLUSION

CDC's claims are not a make weight, derivative or fraudulent. They are the claims of a plaintiff that stands to be directly injured by Defendants. Plaintiffs' remand motion should therefore be granted in its entirety.

Dated: New York, New York
       September 17, 2007

>                   Respectfully submitted,
>
>                   OTTERBOURG, STEINDLER, HOUSTON
>                     & ROSEN, P.C.
>
>                   By: _____
>                       Bernard Beitel (BB 8832)
>                   Attorneys for Plaintiffs
>                   230 Park Avenue
>                   New York, New York 10169
>                   (212) 661-9100

Of Counsel: Lloyd M. Green

877395