# EXHIBIT C

# DEENER, STERN & HIRSCH
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
TWO UNIVERSITY PLAZA
HACKENSACK, N.J. 07601

JEROME A. DEENER*
ROBERT A. STERN*
DEBRA T. HIRSCH*
ANDRE SHRAMENKO*
~~~~~
HENNA V. SHAH, Counsel**
~~~~~
ADAM M. GRENKER, Senior Associate***

TELEPHONE (201) 343-8788
FAX (201) 343-4640

NEW YORK OFFICE:
821 Franklin Avenue
Suite 203
Garden City, NY 11530
(516) 739-6048

*Member of NY & NJ Bar
**Member of NY, NJ, CA Bar
***Member of NY Bar Only

July 23, 2007

Privileged Settlement Communication

**VIA EMAIL akatz@oshr.com**
Arthur Katz, Esq.
Otterbourg, Steindler, Houston & Ros
230 Park Avenue, 29th Floor
New York New York 10169

Re: Lantz

Dear Mr. Katz:

As you know, Mr. Manfredonia and I represent Marie Lantz as Agent for her intermittently-ill husband, Dr. John Lantz, under a Durable Power of Attorney. Dr. Lantz is a 50% stockholder in the various entities owned by Dr. Lantz and Dr. Matalon. As a 50% stockholder in the various entities, our client has an equal interest in the equity of each entity and the voting interest of each entity. My client has no intention of waiving either Dr. Lantz' equity interest or his voting interest and, in fact, has authorized me to aggressively pursue both.

My client is extremely displeased by the manner in which she and her family have been treated. They were not notified of the $15,000,000 lease buyout until approximately two weeks prior to May 20. Obviously, substantial negotiations had ensued for a substantial period of time, all while my client, a 50% stockholder in all entities, was left totally uninformed. This can only lead to a very strong inference of bad faith, which will have an impact in a Court of Equity.

The so-called "Shareholder Resolution" which was thrust upon my client on May 20th at her home, without the benefit of legal counsel and while her husband was lying in bed on the same floor in a recuperative state, is of no effect. The Resolution is to be considered rescinded in its entirety.

LAW OFFICES
## DEENER, STERN & HIRSCH
A PROFESSIONAL CORPORATION

Arthur Katz, Esq.
Otterbourg, Steindler, Houston & Ros
July 23, 2007
Page 2

The following demands are made of your client:

1. 50% of the proceeds deposited by the corporation totaling $6,744,846 from the closing which took place on or about July 2, 2007, are to be turned over to my client no later than 5:00 PM on July 27, 2007, with interest at the rate of 7% per annum. The distribution was agreed to by Dr. Matalon and Dr. Pericles Lantz in their recent conversations.

2. All corporate Profit and Loss and Balance Sheet documents requested in the letter of John Manfredonia on May 22, 2007 are to be turned over to my client by 5:00 PM on July 27, 2007.

3. No payments are authorized from the lease buyout proceeds to be utilized for reinvestment, except under the following circumstances.

    a. Each proposed expenditure is to be forwarded to my client for her prior review and authorization. If my client deems the expenditure to be reasonable, she will authorize payment. My client retains the right to veto any payment deemed to be unnecessary or unreasonable. This was agreed to by Dr. Matalon and Dr. Pericles Lantz in their recent discussions.

    b. Any payments authorized by my client for reinvestment are to be considered as loans by my client to the corporation which bear interest at the rate of seven (7%) percent per annum. The loans are to be repaid on a date which is no later than thirty (30) days following the date of death of Dr. John Lantz, inclusive of interest. This concept was agreed to by Dr. Matalon and Dr. Pericles Lantz in their recent discussions.

    c. No payments are authorized to be made to Miriam Sinitsky without prior authorization from my client. Ms. Sinitsky is not a stockholder in any corporation, and indeed cannot be a stockholder in a professional corporation. Any payments to Ms. Sinitsky utilizing any portion of the proceeds of the lease buyout must have the prior written authorization of my client. My client does not approve of Ms. Sinitsky's refusal to turn over requested corporate documents or to provide my client with other documentation requested or to unilaterally cause the termination of medical coverage for Dr. John Lantz.

4. Since Ms. Sinitsky unilaterally caused the loss of corporate health care coverage for Dr. John Lantz, the corporation is to continue covering his health costs from its funds. The

LAW OFFICES
## DEENER, STERN & HIRSCH
A PROFESSIONAL CORPORATION

Arthur Katz, Esq.
Otterbourg, Steindler, Houston & Ros
July 23, 2007
Page 3

      health costs incurred by the corporation are not to be considered advances or loans and shall not reduce my client's interest in the corporation.

5. Marie Lantz is to be employed by the corporation in the capacity of Co-Administrator, with a salary to be determined, and with medical benefits covering herself and her husband.

6. Dr. Pericles Lantz is to be named Co-Director of all corporations effective immediately.

7. Payment of all corporate expenditures, including legal fees, are to be approved only by Marie Lantz or Dr. Pericles Lantz.

8. All books and records showing receipts and disbursements for all corporations will be available to my client or her representatives at such times as necessary.

9. Quarterly corporation statements for all entities shall be delivered to my client within 30 days following the end of each calendar quarter.

The family has authorized me to advise you and your client that unless the demands as indicated above are met by 5:00 PM on July 27, 2007, the appropriate legal action, including an Order to Show Cause with restraints, will be filed with the Superior Court, Bergen County, State of New Jersey.

My client trusts that this action will not be necessary and that you and your client will favorably respond to the demands made by the time indicated. All of the foregoing is without prejudice to my client's legal and equitable rights which may otherwise be available in law and in equity.

            Very truly yours,

            DEENER, STERN & HIRSCH, P.C.

            *Jerome A. Deener*

            Jerome A. Deener

JAD:cp
cc:   Mrs. Marie Lantz
      John Manfredonia, Esq. via email manfredonia@verizon.net