UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOWER MANHATTAN DIALYSIS CENTER, INC. :
L-M DIALYSIS CORPORATION, LANTZ- :
MATALON CHINATOWN ASSOCIATES, INC. :
and CHINATOWN DIALYSIS CENTER, :
L.L.C., :
               : **07 Civ. 06903 (DLC)**
       Plaintiffs :
               :
  -against- :
               :
JOHN P. LANTZ, M.D. and MARIE LANTZ, :
               :
       Defendants :

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR REMAND AND FOR COSTS, EXPENSES AND ATTORNEY FEES
UNDER 28 U.S.C. §1447(c)**

---

            DEENER, HIRSCH & SHRAMENKO, P.C.
            Attorneys for Defendants
            2 University Plaza
            Hackensack, New Jersey 07601
            (201) 343-4640

This Memorandum is respectfully submitted by Defendants, JOHN P. LANTZ, M.D., and MARIE LANTZ, in opposition to the Motion of Plaintiffs, LOWER MANHATTAN DIALYSIS CENTER, INC. ("***LMDC***"), L-M DIALYSIS CORPORATION, INC. ("***L-M***"), and LANTZ-MATALON CHINATOWN ASSOCIATES, INC. ("***LMCA***") collectively, "***Plaintiffs***", and the Motion of the nominal and formal Plaintiff, CHINATOWN DIALYSIS CENTER, L.L.C. ("***CDC***" or the "***Nominal Plaintiff***"), pursuant to 28 U.S.C. §1447(c) for an order: (1) remanding this action to the Supreme Court of the State of New York, New York County; and (2) for costs and expenses including attorney fees.

**INTRODUCTORY STATEMENT**

The citizenship of CDC does not count in determining federal diversity jurisdiction because CDC is a nominal or formal party.

This is a case involving the corporate governance of LMDC, LMCA and L-M (collectively, the "Corporations"). The issue involves the invalidity of the purported Shareholder Agreement.[1] The only parties to this action that have a direct and cognizable interest in the determination of whether the Shareholder Agreement is valid or invalid are the shareholders

---

[1] A copy of the purported Shareholder Agreement is attached to the accompanying Declaration of Marie Lantz, dated September 4, 2007 (the "Mrs. Lantz Declaration") as <u>Exhibit A</u>.

1

of the Corporations. However, CDC is not such a shareholder. This Court has federal diversity jurisdiction of this action because the Corporations are all citizens of New York and Defendants are both citizens of New Jersey.[2] Plaintiff's Remand Motion concurs that LMDC and Dr. Lantz are citizens of different states.[3]

LMDC is a member of CDC, a Limited Liability Company. However, CDC is not a shareholder, director or officer of LMDC. If there were an issue in this case concerning the governance of CDC, which there is not, then LMDC would be a real party in interest concerning that issue because LMDC is a member of CDC. However, the converse is not true. Since CDC is not a shareholder, director or officer of any of the Corporations, it is not a real party in interest in this action involving the invalidity of the purported Shareholder Consent and Agreement of the Corporations.

Dr. Lantz cannot move due to bradykinesia. (Mrs. Lantz Declaration, paragraph 6). Dr. Lantz cannot speak due to a tracheotomy. (Id.). Dr. Lantz is in a hospital bed at home where he receives round-the-clock medical care from his two children who are physicians. (Id.). Dr. Lantz's condition currently and

---

[2] The amount-in-controversy requirement of 28 U.S.C. § 1332 for federal diversity jurisdiction is satisfied because the purported Shareholder Agreement addresses a 15 million dollar lease buy-out. (Mrs. Lantz Declaration, <u>Exhibit A</u>).

[3] Plaintiff's Memorandum of Law in Support of Plaintiff's Motion, etc., dated August 16, 2007 ("Plaintiff's Brief"), at 2.

2

at the time of the purported Shareholder Consent and Agreement is accurately depicted in the photographs attached as <u>Exhibit B</u> to Mrs. Lantz's Declaration. (Id.). These matters are stated here in order to dispel any appearance of an admission as to the citizenship of the Limited Liability Company.

The law is that unincorporated associations, such as limited liability companies, have the citizenships of their members for the purpose of federal diversity jurisdiction. <u>Handelsman v. Bedford Village Assocs. Ltd. P'hip</u>, 213 F.3d 48, 51-52 (2d Cir. 2000). Mrs. Lantz does not agree that Dr. Nguyen is a member of the Limited Liability Company. Dr. Lantz would have told Mrs. Lantz if anyone else was an owner of CDC, but he never did so.[4] Plaintiffs' Motion declares that "LMDC sold and transferred to [Dr. Nguyen] a ten percent membership interest in CDC."[5] Under § 603(a)(23) of the New York Limited Liability Company Law, "an assignment of a membership interest does not . . . entitle the assignee to . . . become . . . a member of a limited liability company, except as provided in the operating agreement." <u>N.Y. McKinney's Limited Liability Company Law § 603</u>. Due to Dr. Lantz's medical inability to communicate, Dr. Lantz is unable to explain whether or not Dr. Nguyen is a member of

---

[4] Mrs. Lantz Declaration, paragraph 24.
[5] Declaration of Miriam Sinitzky, dated August 16, 2007, paragraph 3.

the Limited Liability Company.[6] Mrs. Lantz's request to inspect the business records of LMDC and CDC was refused by plaintiffs.[7] Under the circumstances, Defendants' legal position that CDC is a nominal or formal party is not intended to admit that Dr. Nguyen is a member of CDC.

## STATEMENT OF FACTS

The Complaint pleads the following case.

LMDC is a corporation of the State of New York. (Complaint, paragraph 19). Dr. Lantz and Dr. Matalon are the sole and equal shareholders of LMDC. (Id., paragraph 4).

LMCA is a corporation of the State of New York. (Id., paragraph 21). Dr. Lantz and Dr. Matalon are the sole and equal shareholders of LMCA. (Id., paragraph 6).

Plaintiff, L-M, is a corporation of the State of New York. (Id., paragraph 20). Dr. Lantz and Dr. Matalon are the sole and equal shareholders of L-M. (Id., paragraph 5).

Plaintiff, CDC, is a limited liability company of the State of New York. (Id., paragraph 22). According to the Complaint, LMDC is a ninety percent member of CDC, and Dr. Nguyen is a ten percent member of CDC. (Id., paragraph 6).

---

[6] Mrs. Lantz Declaration, paragraph 26.
[7] Mrs. Lantz Declaration, paragraph 27.

There is no claim that is or could be made in the Complaint that CDC is a shareholder of LMDC, LMCA or L-M. Indeed, it would be impossible for the Complaint to make that claim, since the Complaint pleads that Dr. Lantz and Dr. Matalon are the sole and equal shareholders of LMDC, LMCA and L-M.

LMCA is the tenant under a lease for certain premises at 9-11 Crosby Street/150 Lafayette Street, New York, New York (the "Lease"). (Id., paragraph 6). LMCA subleases these premises to CDC. (Id.).

The Complaint seeks "declaratory relief to enforce a Shareholder's Consent and Agreement . . ." (the "Purported Shareholders Agreement"). (Id., paragraph 1). By its terms, the Purported Shareholders Agreement includes the following statements:

> "The following were agreed and consented to:
>
> "1. Lantz-Matalon Chinatown Associates will be bought out of its lease at 150 Lafayette Street, NY, NY currently the site of the Chinatown Dialysis Center for the sum of 15 million dollars. The proceeds will be disbursed as follows:
>
> "a) 4 million dollars will be set aside in LMDC for the relocation, renovation and re-equipping of Chinatown Dialysis Center and remaining costs.
>
> "b) the remaining 11 million dollars [illegible cross-out] will be divided

5

>equally between John P. Lantz and Robert Matalon, except that:
>
>"c) up to 10% of the 11 million dollars, less expenses including professional fees and other related costs, to be paid to Miriam Sinitzky in recognition of her future role in the operation and expansion of LMDC and related entities.
>
>"2. LMDC and L-M agree and consent that Robert Matalon will pursue negotiations with Bellevue Hospital and the Health and Hospital Corporation of NY (HHC), to personally proceed with providing dialysis services in Bellevue Hospital under his own entity."

(Mrs. Lantz Declaration, <u>Exhibit A</u>). The following appears in the Purported Shareholders Agreement beneath the line provided for the signature of Dr. Matalon:

>"Robert Matalon, shareholder, LMDC, L-M, Lantz-Matalon Chinatown Associates"

(Id.). The following appears in the Purported Shareholders Agreement beneath the line provided for Mrs. Lantz's signature:

>"Marie, Lantz, as attorney-in-fact for John P. Lantz, shareholder, LMDC, L-M, Lantz-Matalon Chinatown Associates"

(Id.).

The Complaint claims that Mrs. Lantz executed the Purported Shareholders Agreement. (Id., paragraph 10). The Purported Shareholders Agreement was not signed by CDC. (Mrs. Lantz Declaration, <u>Exhibit A</u>). It would be impossible for the

6

Complaint to claim that CDC is a party to the Purported Shareholders Agreement between the shareholders of LMDC, L-M, and LMCA, since the Complaint pleads that Dr. Lantz and Dr. Matalon are the sole shareholders of LMDC, L-M and LMCA. (Id., paragraphs 4, 5, 6). The Complaint pleads that Mrs. Lantz's execution of the Purported Shareholders Agreement constitutes a "consent" of Dr. Lantz "as a shareholder of the referenced corporations, to wit, LMDC, L-M and LMCA. (Id., paragraph 10).

The Complaint also pleads that Dr. Matalon "as a shareholder of LMDC, L-M and LMCA" met with Mrs. Lantz on May 20, 2007 when the Purported Shareholders Agreement was executed (Id., paragraphs 28, 29, 30, 31).

The Complaint also pleads that, in reliance upon the Purported Shareholders Agreement, LMCA entered into the lease sale agreement with the owner of the premises in late June 2007. (Id., paragraph 33).

On July 27, 2007, Mrs. Lantz rescinded the Purported Shareholders Agreement. (Id., paragraphs 12, 34).

13. Under the heading of "Allegations Applicable to Each Cause of Action," the Complaint describes this action as follows:

> "This is an action for declaratory relief to enforce a Shareholders Consent and Agreement authorizing the sale of a lease of premises rented by LMCA (which LMCA, in

7

>turn, rents to CDC), the use of designated funds to relocate the ongoing business operations of CDC, the payment of previously authorized and contractually committed sums to a loyal employee and for injunctive relief to prevent Defendants from improperly interfering with Plaintiffs' ongoing business operations"

(Id., paragraph 1). The Complaint does not distinguish between or among any of the named plaintiffs with respect to any of the relief that is sought by the Complaint. Rather, all of the plaintiffs seek the same declaratory relief, as follows:

>". . . plaintiffs seek a declaration from this Court that judgment be entered in this action declaring that:
>
>"(1) the Shareholders Agreement is valid, operative and enforceable;
>
>"(2) Defendants may not hinder or interfere with plaintiffs' respective business operations;
>
>"(3) Defendants may not hinder or interfere with plaintiffs' efforts to comply with the terms of the sale of the lease; and
>
>"(4) The agreements set forth in the Shareholders Agreement are valid and in full effect, and that Plaintiffs owe no further obligations to Lantz except those that may already exist either in contract or in law."

8

(Id., paragraph 43). According to the Complaint, all of the plaintiffs are equally entitled to the above-quoted relief upon the same grounds, which are pleaded in the Complaint as follows:

> "In light of the fact that the Shareholders Agreement were [sic] knowingly and voluntarily executed by Marie, Plaintiffs are entitled to said declaratory judgment."

(Id., paragraph 43). The Complaint does not plead any separate grounds for the requested declaratory judgment as to CDC. CDC seeks the same declaratory judgment upon the same grounds as LMDC, LMCA, and L-M.

Plaintiffs' demand for injunctive relief arises, in the main part, from the allegations that plaintiffs will be irreparably harmed if they do not vacate the premises and relocate elsewhere as allegedly authorized by the Purported Shareholders Agreement. (Id., paragraphs 11, 13, 17, 40, 41). The Complaint also pleads that Mrs. Lantz has allegedly interfered with plaintiffs' operations by appearing at an employees' celebration (Id., paragraph 37).[8] Although the Complaint does not plead that such an appearance at an employees' celebration shall occur in the future, the

---

[8] See Mrs. Lantz Declaration, paragraph 19, Exhibit E.

plaintiffs' claim for an injunction is based upon the following grounds:

> "Based upon Marie's egregious demands and conduct, plaintiffs' [sic] face irreparable harm and damage, and have no adequate remedy at law. Accordingly, plaintiffs are entitled to a judgment permanently enjoining Marie and other members of her family under her influence or control from interfering with plaintiffs' normal-day-to-day [sic] operations, including appearing at plaintiffs' respective premises and functions."

(Id., paragraph 45). The Prayer for Relief in this connection simply demands "an injunction . . ." (Id., subparagraph (b), page 15).

**ARGUMENT**

**POINT ONE**

**PLAINTIFFS' MOTION FOR REMAND MUST BE DENIED BECAUSE THERE IS COMPLETE DIVERSITY OF CITIZENSHIP SINCE CHINATOWN DIALYSIS CENTER, L.L.C. IS A NOMINAL OR FORMAL PARTY WHOSE CITIZENSHIP MUST BE DISREGARDED.**

In all cases where the jurisdiction of the Federal District Court is invoked upon the basis of diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1), the Federal Court must

disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy. Navarro Savings Association v. Lee, 446 U.S. 458, 461, 100 S.Ct. 1779, 1782 (1980).

In removal cases, the Federal Court must disregard the presence of nominal parties with no real interest in the controversy. Saxe Bacon & Boylan, P.C. v. Martindale-Hubbell, Inc., 521 F.Supp. 1046 (S.D.N.Y. 1981). This is applied most often to the fraudulent joinder of a defendant, but it applies as well "to the joinder of plaintiffs who lack a cognizable or direct interest in the controversy." Id. at 1048, n.2. Application of Blakeman, 512 F.Supp. 325, 327 (E.D.N.Y. 1981) (presence of nondiverse plaintiff may be ignored if it is not a real party in interest); Whitney v. Citibank, N.A., 1985 WL 566, *3 (S.D.N.Y. 1985). In this connection, a party to an action is nominal or formal if no cause of action is or could be stated on their behalf, as determined under the substantive law of the state where the Federal Court sits. Saxe Bacon & Boylan, P.C. v. Martindale-Hubbell, Inc., supra, 521 F.Supp. at 1048. Pepsico, Inc. v. Wendy's International, Inc., 118 F.R.D. 38, 45 (S.D.N.Y. 1987).

This case involves Defendants' rescission of the Purported Shareholders Agreement. Chinatown Dialysis Center, L.L.C. is a

nominal or formal party because it does not have any cause of action to enforce the Purported Shareholders Agreement.

CDC is not a party to the Purported Shareholders Agreement. The parties to that Purported Agreement are the shareholders of LMDC, LMCA, and L-M (Complaint, paragraph 28). This case involves the internal corporate governance of those corporations by their shareholders. The Limited Liability Company, CDC, is not a shareholder of those corporations. Therefore, CDC does not have any cause of action pertaining to the making or rescission of the Purported Shareholders Agreement, or pertaining to the giving or withholding of the Purported Shareholders' Consent, which are involved in the Complaint.

One of the parties to the Purported Shareholders Agreement, to wit, LMDC, is a member of the Limited Liability Company, CDC. LMDC's membership in CDC does not give the Limited Liability Company any standing to assert LMDC's rights as a shareholder under the Purported Shareholders Agreement.

A limited liability company is a hybrid of a corporation and a limited partnership. <u>Bischoff v. Boar's Head Provisions Co., Inc.</u>, 436 F.Supp.2d 626, 631-32 (S.D.N.Y. 2006); <u>Latanzio v. Comta</u>, 481 F.3d 137, 140 (2d Cir. 3/26/07). One of the corporate aspects of a limited liability company is that it enjoys an independent existence that is separate and apart from that of its members. <u>Cabrini Development Council, LLC v. LCA-</u>

12

Vision, Inc., 197 F.R.D. 90, 95 (S.D.N.Y. 2000), vacated in part on other grounds sub nom. Excimer Assocs. v. LCA-Vision, Inc., 292 F.3d 134 (2d Cir. 2002). Under New York law, the fact that related corporations have common ownership does not entitle either of them to assert the legal rights of the other. Feinberg v. Katz, 2002 WL 1751135 *6 (S.D.N.Y. 2002); Diesel Systems, Ltd. v. Yip Shing Diesel Engineering Company, Ltd., 861 F.Supp. 179, 181 (S.D.N.Y. 1994); Bross Utilities Services Corp. v. Aboubshait, 618 F.Supp. 1442, 1445 (S.D.N.Y. 1985); TNS Holdings Inc. v. MKI Securities Corp., 92 N.Y.2d 335, 340, 703 N.E.2d 749, 752 (1998).

Any injury to Chinatown Dialysis Center, L.L.C. from rescission of the Purported Shareholders Agreement does not constitute it to be real party in interest whose citizenship is to be counted for the purpose of federal diversity jurisdiction. An indirect or incidental injury to a non-party to an agreement does not transform them into being a real party in interest. Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc., supra, 521 F.Supp. at 1049. Bill v. Carr, 88 F.Supp 578, 581 (D.Ct. 1949); Application of Blakeman, supra, 512 F.Supp. at 328; First National Bank of Chicago, 302 F.Supp. 785, 791 (N.D. Ill. 1969), aff'd. 465 F2d 343 (7th Circ. 1972).

The Purported Shareholder Agreement does not provide for any payment to be made to Chinatown Dialysis Center, L.L.C.

13

Rather, it would provide for money to be set aside "in LMDC" for relocation of CDC and related costs.[9]  These provisions are internal to the Corporations and do not give rise to an enforceable right by CDC.  Moreover, the Complaint does not state any claim for relief that is unique to CDC.  Rather, the Complaint applies the same grounds for relief to CDC as for the Corporations.  The Corporations are the real parties in interest under their Purported Shareholder Agreement. CDC does not have any independent claim.

The Purported Shareholder Agreement does not involve a derivative claim on behalf of the Limited Liability Company. The issue in this case is whether the shareholders of the corporations in this case, LMDC, LMCA, and L-M, agreed and consented to an early termination of their lease. Chinatown Dialysis Center, Inc. has only the indirect and incidental interest of a subtenant, which does not give rise to enforceable rights under New York law. <u>Triborough Bridge and Tunnel Authority v. Winpfheimer</u>, 165 Misc. 2d 584, 585, 633 N.Y.S.2d 695, 696 (Sup. Ct. 1995); <u>First Federal Savings and Loan Association of Rochester</u>, 157 Misc.2d 877, 878, 599 N.Y.S.2d 410, 411 (Sup. Ct. 1993); <u>Park Laundry Co. v. Sassone</u>, 108 N.Y.S. 725 (Sup. Ct. 1908). The real party in interest in this

---

[9] Mrs. Lantz Declaration, Exhibit A, paragraph (1)(a).

14

case is the tenant, LMCA. <u>Intershoe Inc. v. Filanto, S.P.A.</u>, 97 F.Supp.2d 471, 475 (S.D.N.Y. 2000).

For all the foregoing reasons, Chinatown Dialysis Center, L.L.C., is a nominal or formal party whose citizenship must be disregarded for purposes of determining federal diversity jurisdiction. The remaining parties are completely diverse, because the Plaintiffs, Lower Manhattan Dialysis Center, Inc., L-M Dialysis Corporation, Inc., and Lower Manhattan Chinatown Associates, Inc. are all citizens of New York, and the Defendants, John P. Lantz, M.D. and Marie Lantz are both citizens of New Jersey. Therefore, plaintiffs' Motion to Remand for lack of complete diversity must be denied.

**POINT TWO**

**PLAINTIFFS' MOTION FOR COSTS, EXPENSES AND ATTORNEY FEES UNDER 28 U.S.C. §1447(c) SHOULD BE DENIED.**

Defendants oppose Plaintiffs' Motion to Remand for the foregoing reasons. Without waiving that opposition, defendants also submit that Plaintiffs' further motion for costs and expenses under 28 U.S.C. §1447(c) should be denied.

The award of costs, expenses and attorney fees under 28 U.S.C. §1447(c) is at the discretion of this Court. <u>Frontier Insurance Company v. MTN Owner Trust</u>, 111 F.Supp.3d 376, 381

15

(S.D.N.Y. 2000). The test is one of "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." Morgan Guaranty Trust Co. of New York v. Republic of Palau, 971 F.2d 017, 924 (2d Cir. 1992); Frontier Insurance Company v. MTN Owner Trust, supra.

Although Plaintiffs submit that Defendants "apparently failed to investigate the membership and composition of CDC," Mrs. Lantz did not know until she received the Plaintiffs' Complaint that anyone else claimed to be a member of CDC besides LMDC, which is a New York citizen. (Mrs. Lantz Declaration, ¶23). The Complaint does not name the other alleged member of CDC. (Complaint, ¶6). Upon receiving the Complaint, Mrs. Lantz engaged an accountant to review Plaintiffs' records as to LMDC, including the Operating Agreement of CDC, but Plaintiffs did not grant access thereto. (Id., ¶27, Exhibit F). Thus, Mrs. Lantz did try to investigate the membership of CDC to see if it was any different than her understanding.

Defendants request this Court to take into account the medical inability of Dr. Lantz to speak for himself with respect to the membership of CDC.

Defendants also respectfully submit that the fact that CDC is not a party to the Purported Shareholders Agreement provides

16

a colorable and objectively reasonable basis for contending that CDC is a nominal and formal party whose citizenship is to be disregarded.

For all these reasons, Defendants respectfully submit that Plaintiffs' motion for costs, expenses and attorney fees under 28 U.S.C. §1447(c) should be denied.

**CONCLUSION**

In light of all the foregoing legal arguments and upon the factual grounds set forth in the accompanying Declaration of Marie Lantz, Defendants request that Plaintiffs' Motion to Remand and for costs, expenses and attorney fees should be denied in its entirety.

Date:    Hackensack, New Jersey
         September 5, 2007

> Respectfully submitted,
> Deener, Stern & Shramenko, P.C.
>
> By: _____
>     Andre Shramenko (AS 1309)
>     Attorneys for Defendants
>     2 University Plaza
>     Hackensack, NJ 07601
>     (201) 343-8788

17