```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
LOWER MANHATTAN DIALYSIS CENTER, INC.,  :
L-M DIALYSIS CORPORATION, LANTZ-MATALON,:
CHINATOWN ASSOCIATES, INC., and CHINATOWN: 07 Civ. 6903 (DLC)
DIALYSIS CENTER, L.L.C.,                :
                      Plaintiffs,       : OPINION AND ORDER
                                        :
           -v-                          :
                                        :
JOHN P. LANTZ, M.D. and MARIE LANTZ,    :
                      Defendants.       :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiffs:
Bernard Beitel
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, New York 10169

For Defendants:
Andre Shramenko
Deener, Hirsch & Shramenko, P.C.
2 University Plaza
Hackensack, New Jersey 07601

DENISE COTE, District Judge:

    Plaintiffs Lower Manhattan Dialysis Center, Inc. ("LMDC"), L-M Dialysis Corporation ("L-M"), Lantz-Matalon Chinatown Associates, Inc. ("LMCA"), and Chinatown Dialysis Center, L.L.C. ("CDC") move to remand their action for a declaratory judgment to the New York State Supreme Court. Defendants John P. Lantz and Marie Lantz removed the action on August 1, 2007, asserting federal jurisdiction based on the diversity of citizenship of the parties. Plaintiffs now claim that there is an absence of

complete diversity because a constituent member of CDC, a limited liability company, is a citizen of New Jersey, the state from which the defendants also come. Defendants assert that CDC is a nominal or formal party, and that its citizenship should therefore be ignored in determining whether the parties are diverse. Plaintiffs further seek an award of costs, expenses and attorneys' fees incurred in connection with defendants' removal of this action. Because CDC is a party in interest to this suit and is a citizen of both New York and New Jersey, complete diversity of citizenship is lacking and this case must be remanded to state court. Plaintiffs' request for a fee award is denied.

BACKGROUND

Except where noted, the following facts are drawn from the complaint. Plaintiffs LMDC, L-M, and LMCA are corporations organized under the laws of the State of New York and engaged in the operation of chronic renal dialysis facilities. Defendant John P. Lantz, along with Robert Matalon, both nephrologists, are the sole and equal shareholders of these corporations. Because John P. Lantz is immobile and unable to speak due to illness, his wife, defendant Marie Lantz, serves as his "attorney-in-fact." LMCA leases office space at 150 Lafayette Street in New York, New York, and subleases part of that space to CDC for operation of a chronic renal dialysis center. CDC is organized as a limited liability company under the laws of the State of New York. At its

formation in 2000, CDC was wholly owned by LMDC, but in May 2001, it sold a ten-percent membership to Dr. Dang Dung Nguyen, a citizen of New Jersey.

In 2005, the landlord and owner of 150 Lafayette Street agreed to buy out LMCA's lease and pay LMCA fifteen million dollars in return for its vacating the premises no later than December 5, 2008.  As LMCA's sublessee, CDC would also be forced to vacate the premises.  On May 20, 2007, Matalon and Marie Lantz signed an agreement (the "shareholder agreement"), which was meant to organize the affairs of the plaintiff dialysis centers in the wake of LMCA's departure from 150 Lafayette Street.  The shareholder agreement recites in pertinent part that LMCA "will be bought out of its lease at 150 Lafayette Street, NY, NY, currently the site of the Chinatown Dialysis Center, for the sum of 15 million dollars."  The agreement further sets aside four million dollars "for the relocation, renovation and re-equipping of Chinatown Dialysis Center and remaining costs."

In reliance on the shareholder agreement, Matalon claims that he executed a lease sale agreement with the owner of 150 Lafayette Street in June 2007.  By letter dated July 20, 2007 and through counsel, Marie Lantz rescinded the shareholder agreement and demanded, <u>inter alia</u>, half the fifteen million dollar proceeds from the lease sale; appointment of herself as "Co-Administrator" of an unidentified "corporation"; appointment of her son as "Co-

Director" of unidentified "corporations"; immediate and unlimited access to corporate books and records; and that any of the proceeds used to pay relocation costs for CDC be treated as loans by her.

Plaintiffs filed the instant suit in New York Supreme Court, County of New York, on July 27, 2007. They sought principally a judgment declaring the shareholder agreement valid, operative, and enforceable. Defendants filed a Notice of Removal on July 31, 2007, asserting federal jurisdiction under 28 U.S.C. § 1332 and claiming that the statutory requirements for diversity jurisdiction were met. Plaintiffs have moved to remand the matter to state court and further seek an order requiring defendants to pay the costs, expenses, and attorneys' fees incurred as a result of removal of this case to federal court because "no objective basis exists for either Defendants' removal of this action or for Defendants' persistence in refusing to consent to the remand of this action."

DISCUSSION

In a diversity case, the party invoking the jurisdiction of the federal court bears the burden of demonstrating that the requirements for jurisdiction -- including the complete diversity of the parties -- have been satisfied. See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806));

4

Local 538, United Brotherhood of Carpenters v. United States Fid. & Guar. Co., 154 F.3d 52, 54 (2d Cir. 1998).  "When a party removes a state court action to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof."  R. G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979) (citation omitted).

Plaintiffs claim that complete diversity is lacking because the citizenship of a limited liability company such as plaintiff CDC is evaluated by the citizenship of its members, and Dr. Dang Dung Nguyen, one of CDC's members, is a citizen of New Jersey. Given that the defendants are New Jersey citizens as well, plaintiffs contend that complete diversity is absent.  Defendants do not dispute either the principle of law that, for the purposes of ascertaining the citizenship of a limited liability company, a court must look to the citizenship of the company's members, see Handelsman v. Bedford Vill. Assoc. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000), or that Nguyen is a citizen of New Jersey. Rather, defendants appear to counter that Nguyen is not a member of CDC and that the citizenship of CDC is irrelevant to establishing federal jurisdiction because it is at best a nominal or formal party.

Marie Lantz first claims that Nguyen is not a member of CDC because John Lantz "would have told Mrs. Lantz if anyone else was an owner of CDC, but he never did so." She further observes that under New York law the assignment of a membership interest in a limited liability company does not entitle the assignee to become a member of the company, except as provided in the operating agreement, and that the plaintiffs have prevented her from inspecting the business records to determine whether the operating agreement of CDC so provides. As noted above, the burden is on the defendants to prove the diversity required to establish federal jurisdiction. Moreover, federal courts entertaining motions to remand must "resolv[e] any doubts against removability." Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991). Plaintiffs have produced documentary evidence of Nguyen's membership in CDC, and defendants' meager assertions fail to controvert that evidence. Accordingly, defendants' argument against Nguyen's membership in CDC is rejected.

Defendants' second argument is similarly unavailing. They claim that the instant action concerns rescission of a shareholder agreement to which CDC was not a party and which involves only "the internal corporate governance" of LMDC, LMCA, and L-M, and therefore that CDC does not have any cause of action to enforce the agreement. Accordingly, defendants contend, CDC is only a

nominal or formal party to the action and its citizenship should be ignored for the purpose of determining diversity.  See Navarro Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980).

It is evident from the complaint that CDC has an independent, and not merely derivative, stake in the instant action.  As the complaint frames the gravamen of plaintiffs' case, Marie Lantz's rescission of the shareholder agreement was intended "to eliminate the use of any of the proceeds to relocate the business of CDC, and instead demands that the businesses forego the needed capital to complete the move and relocation" from 150 Lafayette Street.  Plaintiffs allege that CDC is a "direct beneficiary" of the shareholder agreement, and that it "furnished actual consideration [for the shareholder agreement] by agreeing to surrender possession of the Premises before the expiration of the lease and sub-lease, and by agreeing to a monetary penalty, enforcement costs and fees, and eviction if the Premises are not timely vacated."  These claims are sufficient to demonstrate CDC's direct interest in the action and to defeat defendants' assertion that CDC is merely a nominal or formal party.

Plaintiffs further seek an award of fees and expenses, including attorneys' fees, incurred in defending against defendants' removal of this matter.  See 28 U.S.C. § 1447(c).  Interpreting Section 1447(c), the Supreme Court has ruled that "the standard for awarding fees should turn on the reasonableness

of the removal. Absent unusual circumstances, courts *may* award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (emphasis supplied). There is no presumption that fees will be awarded with a remand, and the decision to award fees remains an exercise of the court's discretion. Id. at 136-37.

While defendants' arguments against remand fail for the reasons discussed, it cannot be said that they lacked an objectively reasonable basis when this action was removed. Accordingly, the Court declines to grant plaintiffs' request for a fee award.

CONCLUSION

This action is remanded to the New York Supreme Court. Plaintiffs' request for an order requiring defendants to pay the costs, expenses, and attorneys' fees incurred as a result of removal is denied. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         September 25, 2007

                                    _____
                                              DENISE COTE
                                    United States District Judge

8